an adversary hearing on the merits and resulted in an affirmative determination affecting the rights of the beneficiaries. Therefore, CPLR 4519 applies and it effectively bars the testimony of any interested witnesses. The excluded witnesses were patently interested in the action, since they stood either to gain or lose as legatees by the direct legal operation and effect of the judgment *(Matter of Hennessey,* 157 App Div 136). Legatees named in a "will" or codicil are ordinarily not competent witnesses to prove a conversation taking place at its preparation and execution, or to testify to the instructions of the testator, or to communications or transactions with him *(Loder v Whelpley,* 111 NY 239); or to any transaction between the testator and others, in any portion of which the witness participated, or to any conversation in his hearing, although not with or addressed to the testator *(Matter of Eysaman,* 113 NY 62; *Holcomb v Holcomb,* 95 NY 316). Under these tests, the excluded witnesses were interested and their testimony as to the circumstances surrounding the execution of the two proferred codicils was properly excluded. (Appeal from decree of Erie County Surrogate's Court denying probate of codicils.) Present—Cardamone, J. P., Simons, Mahoney, Goldman and Witmer, JJ. [80 Misc 2d 793.]

■ In the Matter of FRANKLIN C. MEIER et al., Respondents, v MICHAEL A. AMICO, as Sheriff of the County of Erie, et al., Appellants.—Judgment unanimously affirmed, with costs. Memorandum: This proceeding seeks a determination of whether the actions of respondent Sheriff were arbitrary and capricious. The trial court reviewed the record of the hearing and reversed respondents' decision, ordering petitioner reinstated. Since the Sheriff's hearing was pursuant to the collective bargaining agreement and not a hearing "pursuant to direction by law" (CPLR 7803, subd 4), the trial court was not obliged to transfer the petition to the Appellate Division, but itself correctly determined the issues. (Appeal from judgment of Erie Supreme Court in article 78 proceeding to annul suspension and demotion.) Present—Cardamone, J. P., Simons, Mahoney, Goldman and Witmer, JJ.

■ In the Matter of JAMES ARTHUR M., a Person Alleged to be a Juvenile Delinquent, Appellant.—Order unanimously affirmed. Memorandum: The record fully supports the order of the trial court adjudging respondent a juvenile delinquent by reason of his unjustified attack on a 14-year-old youth which, if committed by an adult, would constitute the crime of assault, third degree. (Appeal from order of Jefferson County Family Court adjudging respondent to be a juvenile delinquent.) Present—Marsh, P. J., Moule, Cardamone, Simons and Mahoney, JJ.

■ ALPHONSE F. URCIUOLI, Respondent, v TOWN BOARD OF THE TOWN OF ONONDAGA et al., Appellants. (Appeal No. 1.)—Appeal unanimously dismissed as moot. (See *Urciuoli v Town Bd. of Town of Onondaga,* 51 AD2d 647.) (Appeal from judgment of Onondaga Supreme Court declaring zoning ordinance unconstitutional.) Present—Marsh, P. J., Moule, Cardamone, Simons and Mahoney, JJ.

■ ALPHONSE F. URCIUOLI, Respondent, v TOWN BOARD OF THE TOWN OF ONONDAGA et al., Appellants. (Appeal No. 2.)—Judgment unanimously affirmed, with costs, on the opinion at Special Term, Donovan, J. (Appeal from judgment of Onondaga Supreme Court resettling judgment.) Present—Marsh, P. J., Moule, Cardamone, Simons and Mahoney, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK EX REL. OTIS THOMPSON, Appellant, v ROBERT J. HENDERSON, as Superintendent of Auburn Correctional Facility, Respondent.—Judgment unanimously affirmed. Memorandum: Relator having previously brought a proceeding in Supreme Court, Queens County for the same relief sought herein and the court in Queens